(13 App. Div. 309.)

PEOPLE ex rel. MERRITT v. NEW YORK CITY CIVIL SERVICE BOARD.

(Supreme Court, Appellate Division, First Department. January 15, 1897.)

1. OFFICERS—CIVIL SERVICE BOARD—ELIGIBLE LIST.

A person whose name should have been put on the eligible list of the civil service board, but was not, is entitled to be certified for appointment, under the rule requiring certifications to be made from names on the eligible list.

2. SAME—VETERANS—MANDAMUS TO COMPEL APPOINTMENT.

Mandamus will not be granted to compel the civil service board to certify a veteran for employment in preference to persons not veterans, where, at

the time when relator alleges he should have been certified, there are other veterans who were entitled to be certified before him, though it appears that, by reason of the disqualifications of such other veterans, a second requisition would have been necessary in the next month, on which relator would be entitled to be certified, since the question of rights on the subsequent requisition was not presented by the petition.

Appeal from special term, New York county.

Application by James M. Merritt for a peremptory writ of mandamus to compel the New York civil service board to certify relator for an appointment. From an order denying the writ, relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Joseph A. Flannery, for appellant.
Robert C. Beatty, for respondent.

RUMSEY, J. It appears, from the affidavit of the relator upon which this application is based, that in the month of January, 1896, he applied to the labor clerk of the New York civil service board, for the purpose of being registered for the position of carpenter in the department of public parks. He passed an examination, and became entitled to be put upon the "eligible list," as it is called. He was a veteran of the late war, having a family to support, and under the provisions of the constitution he became entitled to be certified for appointment for a vacancy before any other person who was not a veteran. But the rule requires that the certificates should be made from those whose names were upon the eligible list. As a matter of fact, although the relator was entitled to be named upon that list, his name had not actually been put there; and it is claimed by the respondents that for that reason he was not entitled to be certified. But this is a matter of no importance. The mere clerical act of inscribing his name upon the eligible list in the proper place is a thing to be done by the labor clerk just as soon as the qualifications of the relator had been ascertained. From that time he was entitled to be treated as though his name had actually been where it was the duty of the labor clerk to put it. He could not, for that reason, be deprived of any of his rights, merely because the officer of the respondents had failed to do the duty which he was called upon to do, and this application must be decided precisely as though Merritt's name had been put upon the eligible list, where it was entitled to be.

It further appears, from the affidavit of the appellants, that in the early part of May, 1896, a requisition had been made upon the civil service board for six names of persons to fill four vacancies in the position of carpenter. There were certified the names of six persons who were not veterans. Shortly before that time, as it appears, the names of persons for the position of carpenter had been certified from Schedule F, but the board had determined thereafter to place all such names upon Schedule G. Certifications, however, were made from Schedule F of persons not veterans, al-

though the names of persons who were veterans were upon Schedule G, because of the decision of the board to exhaust the names upon Schedule F before any had been taken up upon Schedule G. It has been determined by this court, in the case of People ex rel. Carroll v. New York City Civil Service Boards, 5 App. Div. 164, 39 N. Y. Supp. 75, that such determination was erroneous, and that certifications must be made in the proper order of applicants upon the eligible list. If that were all there were of this case, it would be precisely within the Carroll Case, just cited, and the relator would undoubtedly have been entitled to a writ of mandamus. But a writ will not be issued to enforce a private right, unless it appears that the relator is entitled to the relief which he seeks to obtain by means of the writ. High, Extr. Rem. § 16. It appears, from the testimony of Mr. Briscoe, the secretary of the board, that under no circumstances would the relator have been entitled to be certified in May, even had the certificates been made as required by the decision of this court in the Carroll Case. Six names were certified. It appears that there were upon Schedule G, at that time, the names of 11 veterans with families, who, according to the rules of the department, were first entitled to be certified, and that, if Merritt's name had been put upon the eligible list, it would have been No. 12; so that, had the certificate been made from the proper list, pursuant to the rule laid down by this court, yet, nevertheless, Merritt would not have been certified; because he was so low down on the list that his name would not have been reached.

It is said, however, by the relator, and made to appear by the affidavit of his attorney, that of these names several had not passed the examination, or had failed to appear, or had been appointed to other positions, so that Merritt would have been certified upon a subsequent requisition in June, had the board adopted the proper rule. But no allegation was made by Merritt, at the time of the commencement of these proceedings, that he should have been certified in June. The complaint was that he should have been certified in May, and it appears affirmatively that all of these names were upon the roll in May, and were entitled to certification, so that under no circumstances could Merritt's name have been certified at that time. Had he made complaint that his name should have been certified in June, it may be that the respondents would have stated facts showing that he was not entitled to be certified at that time. He is only entitled, in this proceeding, to a writ of mandamus in case he makes it appear that he was deprived in May of a right to which he was then entitled. But in that he has wholly failed, and for that reason the order of the special term, refusing the writ of mandamus, must be affirmed, but, under the circumstances, without costs. All concur.